UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| GREGORY RYAN WEBB, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 2:24-cv-00039 |
| v. | ) |
| REPUBLICAN PARTY OF CUMBERLAND COUNTY, TN, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Lebanon, Tennessee,[1] filed this pro se action under 42 U.S.C. § 1983. (Doc. No. 1). He has since filed multiple motions, petitions, affidavits, and applications with the Court. These filings are addressed herein followed by the required screening of Plaintiff's in forma pauperis complaint.

### I. FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 15). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

Plaintiff's IFP Application and accompanying statement[2] reflect that he is unable to bear the costs of paying the filing fee in this case. Plaintiff states that his monthly expenses total

---

[1] Plaintiff notes that his temporary address while he is out of town for temporary work is in Waverly, Illinois. (Doc. No. 11).

[2] Plaintiff titled this statement an "Affidavit Attachment", but the document does not bear a notary stamp and thus is not an affidavit. Therein, Plaintiff provides additional details about his financial situation. The Court construes the "Affidavit Attachment" as a statement in support of Plaintiff's IFP Application.

1

"$28500ish", he currently has less than $100 in "Cash App", he has spent approximately $125,000 in litigation costs, and he has not been paid in full yet for the temporary part-time work he is performing at this time and may not be paid. (Doc. No. 15). Plaintiff further states that his "fuel, expenses at a minimum, and living costs are more than what [he has] received in payments while temporarily out of town for work." (*Id*. at 9). Therefore, Plaintiff's IFP Application (Doc. No. 15) is **GRANTED**. Plaintiff's original IFP Application (Doc. No. 2) is **DENIED AS MOOT**.

Even though Plaintiff has been granted pauper status, he is not exempt from other fees and costs in this action. Costs may include postage, copying fees, witness fees, and deposition and transcript costs. More information about proceeding in forma pauperis can be found on the Court's website and in the Court's Information Sheet entitled "In Forma Pauperis (IFP) Status for Nonprisoners" which is available from the Clerk's Office upon request at no cost.

## II. "RULE 9" MOTIONS OR PETITIONS

Plaintiff has filed four motions/petitions under "Rule 9". In his first motion/petition, (Doc. No. 8) he states that he is "requesting this Motion/Rule 9 Petition to be submitted in this case in which Mr. Kevin Bryant did correct himself but only after I confronted him as being an Officer of the Court." (Id. at 1). Plaintiff requests "the minimum relief" of having Bryant "pay for all [Plaintiff's] USDC filings, and any other court courts." (Id. at 14).

In his second motion/petition (Doc. No. 16), Plaintiff chronicles allegations about his case. He asks the Court "to consider LR1.01(a) . . . ." (Id. at 40). In his third motion/petition (Doc. No. 19), Plaintiff repeats the same and additional allegations about his case as in the previous motions. He again asks the Court to order Bryant "pay for all [Plaintiff's] USDC filings, and any other court courts." (Id. at 14). In Plaintiff's fourth motion (Doc. No. 20), he asks

2

the Court to take actions against various individuals who Plaintiff alleges have committed professional misconduct or other violations of the law or ethics.

Plaintiff does not state which Rule 9 to which he refers in any of these motions.[3] To the extent Plaintiff is relying on Federal Rule of Civil Procedure 9,[4] Plaintiff misunderstands the purpose of Rule 9. Federal Rule of Civil Procedure 9 concerns the types of claims where special pleading is required by a plaintiff, such as fraud claims. See United States ex rel. Prather v. Brookdale Senior Living Communities, Inc., 838 F.3d 750, 771 (6th Cir. 2016) (noting that the purposes of Rule 9(b) are to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior."). Rule 9 does not provide remedies or enforcement provisions. If Rule 9 has any application to Plaintiff's case at all, it could be to require Plaintiff to plead certain claims with particularly in his complaint. Allegations made by Plaintiff in motions or petitions are not part of the complaint. If Plaintiff wishes to amend his complaint to add more allegations,[5] he must do so by filing an amended complaint or a motion to amend the complaint, depending on when he wishes to file.

For these reasons, Plaintiff's Rule 9 motions (Doc. Nos. 8, 16, 19, 20) are **DENIED**.

### III. AMENDED COMPLAINTS

Plaintiff filed an "Amended Civil Rights 1983 Complaint" (Doc. No. 7) and subsequently a document entitled "Complaint and Request for Injunction." (Doc. No. 23).

While Plaintiff may file an amended complaint at this time, the Court notes that, in the first sentence of his "Amended Civil Rights 1983 Complaint", Plaintiff asks that his "first

---

[3] There is no Civil or Criminal Local Rule 9 for the Middle District of Tennessee. Likewise, there is no Rule 9 of the Federal Rules of Evidence.

[4] Because this is a civil case, the Federal Rules of Criminal Procedure are inapplicable.

[5] Plaintiff already has filed two amended complaints. (See Doc. Nos. 7, 23).

3

Case 2:24-cv-00039    Document 30    Filed 10/03/24    Page 3 of 10 PageID #: 428

complaint to stay attached to this case." (Id. at 1). Local Rule 15.01(b) requires that amended pleadings "restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended section." Thus, if the Court were to designate Plaintiff's "Amended Civil Rights 1983 Complaint" as the operative pleading in this case, it would not contain any allegations or claims set forth in the initial complaint unless Plaintiff has restated them therein.

Given that Plaintiff filed his "Complaint and Request for Injunction" after he filed his "Amended Civil Rights 1983 Complaint", the Court understands Plaintiff to desire the latest-filed complaint (Doc. No. 23) to be the operative pleading in this case. All claims raised in that pleading will be considered by the Court, and only those claims.

### IV. MOTIONS FOR INJUNCTIVE RELIEF

Since filing his initial complaint, Plaintiff has filed three requests for injunctive relief. (Doc. Nos. 5, 6, 21).

Although the motions are not titled as such, the Court construes Plaintiff's motions as seeking Temporary Restraining Orders ("TRO" or "TROs") under Rule 65(b) of the Federal Rules of Civil Procedure because each motion requests immediate relief.[6] As explained below, the Court cannot consider the merits of the motions in their current form due to a number of deficiencies.

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion

---

[6] Each motion requests different relief, including but not limited to seeking "[i]mmediate intervention in that this man in the blue suit has and/or still in using his influence to prevent justice and to allow me to become myself again" (Doc. No. 5 at 11) and for "[Plaintiff's] son to be returned to me as soon as possible" (Doc. No. 6 at 16) and ordering "Ms. Hill to do a full confession" and "to name who influenced her . . . who romantically pursued her to purposefully cause [Plaintiff] problems and break [Plaintiff and his former wife] up." (Doc. No. 21 at 15).

4

must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, Plaintiff's motions were not accompanied by memoranda of law. And while Plaintiff has filed a number of affidavits, it is unclear which affidavits are meant to support which motion for immediate injunctive relief.[7] Plaintiff has not explained in writing what particular efforts he made to give notice to Defendant or why notice should not be required. Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motions for immediate injunctive relief (Docs. No. 5, 6, 21).

## V. OTHER MOTIONS

Plaintiff also has filed a "Motion/Ex Parte Request" (Doc. No. 24), a "Motion" (Doc. No. 28), and a "Motion to Submit Transcripts" (Doc. No. 29).

First, in his "Motion/Ex Parte Request", Plaintiff seeks an order of protection against his ex-wife "Lewana Castillo Webb." (Doc. No. 24 at 2). He filed the motion under seal. Local Rule 5.03 requires that any party requesting that documents or portions of documents be sealed must

---

[7] An exception is that Plaintiff clearly noted that the affidavit he submitted on August 23, 2024 (Doc. No. 22) is meant to support his TRO motion filed on the same day (Doc. No. 21). Even so, Plaintiff continues to inundate the Court with voluminous filings that are not clearly marked and contain repetitive allegations by Plaintiff as well as what appears to be documentary evidence offered to support Plaintiff's claims. Discovery is not to be filed with the Court absent a Court order.

5

comply with Section 5.07 of Administrative Order No. 167-1 and Local Rule 7.01. These rules require the movant to file a motion for leave to file the document(s) under seal and to demonstrate "compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." Local Rule 5.03(a). Although Plaintiff here has requested that his motion be filed under seal, he has not made the requisite showing as he does not provide the required specificity or the factual and legal support. Accordingly, the motion **SHALL** be unsealed.

"Protective orders may . . . be issued 'for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters.'" Whitman v. Gray, No. 5:19-cv-01818, 2022 WL 621553, at *2 (N.D. Ohio Mar. 3, 2022) (quoting Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Gov't, No. 319CV00851BJBCHL, 2021 WL 3778532, at *2 (W.D. Ky. Aug. 25, 2021) (citing Fed. R. Civ. P. 26(c)). Here, Plaintiff seeks an order of protection from his ex-wife. The only named Defendant to this case is the Republican Party of Cumberland County, Tennessee. Plaintiff does not explain in his motion why or how an order of protection against his ex-wife pertains to claims Plaintiff asserts against the named Defendant. The motion does not even mention the named Defendant. Accordingly, the motion (Doc. No. 24) is **DENIED**.

Next, Plaintiff filed a "Motion/Request" in which he requests relief ranging from "the Republican Party to replace [his] laptop" to "this Court to order the Springfield, IL FBI to extract [Plaintiff's] deleted audios and videos . . . ." (Doc. No. 28 at 2). Plaintiff has requested this relief or similar relief in his mostly recently amended complaint. Plaintiff cannot expedite the

resolution of his claims by filing motions such as this one. Consequently, the motion is **DENIED**.

Finally, Plaintiff filed a "Motion to Submit Transcripts" (Doc. No. 29) in which Plaintiff requests permission to file certain transcripts of posts from his Facebook account. It is not the appropriate time for Plaintiff to submit evidence in support of his claims. Discovery is generally not filed with the Court. The motion is **DENIED WITHOUT PREJUDICE**. Plaintiff may file the transcripts, if appropriate, at the appropriate time.

## VI. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's operative pleading (Doc. No. 23), filed in forma pauperis, describes events occurring in September 2021 concerning "Ms. Webb" (who appears to be Plaintiff's former

7

spouse), an order of protection, and an alleged conspiracy between "Mrs. Mayberry" and "Mr. Bryant"[8] for the purpose of committing election fraud "so that Mayberry could elct [sic] herself." (Id. at 4-5).

The sole named Defendant to this action is the "Republican Party for Cumberland County, Tennessee" ("the Party"). (Id. at 1-2). Although there are broad allegations of election fraud, the Party is not mentioned anywhere else in the "Complaint and Request for Injunction" besides the "Relief" section in which Plaintiff states that his trial was "fake" and "conducted to publicly show [his] evidence was hidden on purpose to set up the New leader of the republican party in which Avery York Jr's mainly responsible that Ivy Mayberry allowed." (Id. at 5).

In "The Amount in Controversy" section, the complaint alleges that "the amount the plaintiff claims the defendants owes or the amount at stake" is more than $75,000 because "a 15 year old boy, Loss home home, dogs, property, loss of job, Vandalism over $35,000, Stalking, Intimidation, Harassment, Slander, Deflimation [sic] of Character, Arrest and Indictment." (Id. at 4). The complaint does not explain how these purported losses or damages have anything to do with The Party. Rather, they appear related to a domestic dispute.

As relief, the complaint seeks a "Federal investigation by out of state authorities," reimbursement of money spent, "correct[ion]" of Plaintiff's divorce, "Public announcement that Mayberry lied to federal agent/authority", compensatory damages due to "losses due to a storage unit loss full of materials . . . property and tools . . . ." (Id. at 5). It is unclear how The Party is related to the harm that led, according to Plaintiff, to his request for this relief. For example, The Party cannot "correct" Plaintiff's divorce. The Party cannot instigate a federal investigation. The

---

[8] These individuals are not named in full in the the complaint, and their relationship to Plaintiff or to the allegations of the complaint are not entirely clear.

8

Case 2:24-cv-00039    Document 30    Filed 10/03/24    Page 8 of 10 PageID #: 433

complaint does explain how Plaintiff's alleged loss of certain items in a storage unit relates to The Party.

"It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints." See Green v. Correct Care Sols., No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases). Plaintiff has not attributed factual allegations to the only Defendant named in Plaintiff's complaint. Thus, the Court finds that the complaint fails to state Section 1983 claims against The Party upon which relief may be granted.

In any event, the events about which Plaintiff complain occurred in September 2021. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge

v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009). Here, because the alleged precipitating events occurred well over two years before Plaintiff filed his initial complaint on June 4, 2024, Plaintiff's claims concerning these events are barred by the governing statute of limitations.

Accordingly, this case is **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE