**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION**

| | |
|---|---|
| **GREGORY RYAN WEBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **No. 2:24-cv-00039** |
| **v.** | ) |
| | ) |
| **REPUBLICAN PARTY OF** | ) |
| **CUMBERLAND COUNTY, TN,** | ) |
| | ) |
| **Defendant.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

By Memorandum Opinion and Order entered on October 3, 2024, the Court addressed multiple motions filed by Plaintiff Gregory Ryan Webb and dismissed this action. (Doc. No. 30).

After the entry of final judgment (Doc. No. 31), the Court became aware of additional filings by Webb in this case. According to the Clerk, Webb filed these documents prior to October 3, 2024 but, due to the nature[1] and volume of the filings, the Clerk's Office was unable to sort, process, and docket any of these filings until October 8, 2024.[2] Out of an abundance of caution, the Court has reviewed the filings docketed thus far to determine if any would have changed the Court's prior rulings. For the reasons to follow, the Court finds that none of these filings (Doc. Nos. 32, 37, 39, 40, 41, 43, 44, 45, 48, 55, 56, 59, 60, 64, 65, 67, 69) would have led to a different disposition of motions or the ultimate disposition of this case.

---

[1] The Court received a total of 782 pages of filings from Plaintiff on September 3, 10, and 26 and October 2 <u>for this case alone</u>. Plaintiff also submitted documents to be filed in other cases he has pending before the Court. The Clerk's Office staff is still working to process these filings.

[2] The dates on the docket for each document filed reflect the accurate date of filing, not the dates on which the documents were docketed.

1

For the same reasons the Court previously denied "Rule 9" motions/petitions filed by Plaintiff in this case, Plaintiff's most recent "Rule 9" filings (Doc. Nos. 32, 37, 41, 60) are **DENIED**. (See Doc. No. 30 at PageID# 427-28).

Plaintiff's Motions to File Exhibits (Doc. No. 39), to Submit Affidavits (Doc. No. 56), to Submit Personal Statement of Evidence (Doc. No. 59), and to Add the Attached Affidavits (Doc. No. 69) are **DENIED**. It is not the appropriate time for Plaintiff to submit evidence in support of his claims. Plaintiff's excessive filings have become burdensome on the Court and Court staff and are delaying the resolution of his many cases before this Court.

Next, Plaintiff states that he received an Order from the Court on July 9, 2024 dismissing this case. His motion asks for relief from that dismissal. The Court did not enter any orders in this case on or near July 9, 2024. Therefore, Plaintiff's Motion/Affidavit/Missing Mail (Doc. No. 40) seeking relief from a dismissal that does not exist is **DENIED AS MOOT**.

Plaintiff's Motion/Ex Parte Request (Doc. No. 43) is **DENIED** as duplicative. It is identical to the Motion/Ex Parte Request Plaintiff filed previously (see Doc. No. 24) that the Court denied in its Memorandum Opinion and Order entered on October 3, 2024.

Plaintiff's Motion to Appoint Counsel (Doc. No. 45) is **DENIED**. The Court previously denied Plaintiff's request for the appointment of counsel (see Doc. No. 14) and Plaintiff presents no new argument or circumstances that lead the Court to alter its previous decision.

Plaintiff's Motion/Habeas Request (Doc. No. 48) is **DENIED**. If Plaintiff wishes to seek habeas corpus relief, he must do so by filing a separate action. Habeas relief is not available by way of a complaint filed pursuant to 42 U.S.C. § 1983, which is the basis for this lawsuit.

 Finally, Plaintiff filed a "Motion/and Or Injunction Request" (Doc. No. 44) and a "Motion Injunction Relief/Order of Protection" (Doc. No. 55). Although the motions are not

titled as such, the Court construes Plaintiff's motions as seeking (in part) Temporary Restraining Orders ("TROs") under Rule 65(b) of the Federal Rules of Civil Procedure because the motions request immediate relief.[3] As explained below, the Court cannot consider the merits of the motions in their current form due to a number of deficiencies.

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, neither of Plaintiff's motions was accompanied by a memorandum of law. While Plaintiff has filed many affidavits, it is unclear which affidavits are meant to support which motions. Most of the affidavits are Plaintiff's recitation of grievances concerning his divorce proceedings. Plaintiff has not explained in writing what particular efforts he made to give notice to Defendant or why notice should not be required. Thus, Plaintiff has not placed specific facts

---

[3] The first-filed motion requests "Ivy Jo Gardner Mayberry to immediately sign over her primary vehicle . . . as an apology" to Plaintiff. (Doc. No. 44 at PageID# 668). The second-filed motion requests that the Court remove an order of protection entered against Plaintiff, "intervene . . . to obtain phone records and testimony", and "transfer custody of [Plaintiff's} son from Ms. Webb to [Plaintiff]." (Doc. No. 55 at PageID# 928-29).

before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits.[4] Accordingly, the Court **DENIES** Plaintiff's TRO motions (Doc. No. 44 and 55).

To the extent these motions seek orders of protection, "[p]rotective orders may . . . be issued 'for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters.'" Whitman v. Gray, No. 5:19-cv-01818, 2022 WL 621553, at *2 (N.D. Ohio Mar. 3, 2022) (quoting Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Gov't, No. 319CV00851BJBCHL, 2021 WL 3778532, at *2 (W.D. Ky. Aug. 25, 2021) (citing Fed. R. Civ. P. 26(c)).

As best the Court can discern from Plaintiff's rambling, voluminous filings, Plaintiff mistitled his motions; it appears that, by way of his motions seeking a protective order, Plaintiff is seeking to have order of protection against him removed. This Court cannot remove an order of protection issued by a state court. Plaintiff must seek recourse from the court that issued the order of protection. Thus, to the extent the motions seek to have an order of protection against Plaintiff removed, and to the extent the motions seek an order of protection against a non-specified individual, those requests are **DENIED**.

Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. No. 65) is **DENIED AS MOOT**. Plaintiff already has been granted pauper status in this case.

---

[4] In any event, the first motion does not make clear what relationship Ivy Jo Gardner Mayberry has to the sole named Defendant in this case and why it would be appropriate for this Court order her to transfer the title of her vehicle to Plaintiff, as requested by the motion. (Doc. No. 44). The second motion requests relief that this Court cannot provide. See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 436 (6th Cir. 2018) (plaintiffs' claims that effectively sought to appeal a state court order were barred by Rooker-Feldman even though they were asserted as independent claims against third parties); Givens v. Homecomings Fin., 278 F. App'x 607, 609 (6th Cir. 2008) ("Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of Rooker-Feldman was appropriate."); Bowman v. Cortellessa, 2012 WL 676406 (E.D. Ky. Feb. 29, 2012) (plaintiff was barred by Rooker-Feldman doctrine from bringing claims against former spouse based on allegations that benefits had not been appropriately awarded in state divorce proceeding and that the former spouse provided the state court with false and/or perjured information).

4

Next, Plaintiff has filed a motion asking for the Court to donate a laptop to him because, he alleges, "characters were allowed to destroy two previous laptops." (Doc. No. 67). The Clerk's Office provides two computers for public use. Plaintiff, like any pro se litigant, is free to utilize those computers during normal Court hours. His motion for the Court to donate him a laptop is **DENIED**.

Next, Plaintiff has filed a Motion for CM/ECF Privileges. (Doc. 64). Given this this case has been dismissed and there are no further matters before the Court, Plaintiff's motion is **DENIED**.

Finally, with respect to this case and all his other cases pending before this Court, Plaintiff is advised that it is generally improper to file evidentiary exhibits with the Court prior to trial. "The general prohibition on filing evidentiary exhibits prior to trial unrelated to any pending motion is reflected in Federal Rule of Civil Procedure 5(d)." Powers v. Durrani, No. 1:18-cv-788, 2021 WL 5177813, at *2 (S.D. Ohio Nov. 8, 2021). This type of material should only be filed if it is the subject of a motion, such as a motion to compel, or if it is otherwise used in the action (for example, to support or oppose a motion for summary judgment). See Fed. R. Civ. P. 5(d)(1)(A); Bryan v. Jewell, No. 1:21-cv-315, 2022 WL 4592480, at *2 n.1 (S.D. Ohio Sept. 30, 2022). "In short, there is no provision in any applicable civil rule of procedure for filing an evidentiary exhibit independent of use in a proceeding before the Court (i.e., a pending motion, an ongoing evidentiary proceeding, or trial)." Powers, 2021 WL 5177813, at *3 (finding that plaintiff's "Notice of Affidavit" was procedurally improper and required no further action by the Court). See also Oppenheimer v. City of Madeira, Ohio, 336 F.R.D. 559, 567 (S.D. Ohio 2020) (declining "to consider any additional 'information' in the context of a 'notice' as opposed to an appropriately supported motion.").

Plaintiff has filed nearly 800 pages in the past few weeks in this case alone. Many of the pages are what Plaintiff labels "evidence" to support his claims (such as photographs, newspaper articles, screenshots of texts, transcript excerpts, and Plaintiff's own affidavits in which he sets forth his grievances) that were not accompanied by, and did not relate to, any pending motion. Or, in some instances, Plaintiff attached the evidentiary material to a motion but the motion itself was procedurally improper and/or did not pertain to ongoing evidentiary issues. Although the Court will provide Plaintiff some latitude as a pro se litigant, Plaintiff is not entitled to abuse that latitude by filing copious amounts of inappropriate materials with the Court.

Going forward, if Plaintiff attempts to file inappropriate evidentiary exhibits with the Court, the Clerk may refuse to accept such materials for filing or, upon review of the materials, return them to Plaintiff.

This case remains dismissed. Final judgment has been entered. (Doc. No. 31).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6